**VHB ASSOCIATES, INC., a California corporation; VHB Hawthorne LLC, a California limited liability company, Plaintiffs—Appellants,**

v.

**ORIX REAL ESTATE EQUITIES, an Illinois corporation; Orix Hawthorne, Inc., an Illinois corporation, Defendants—Appellees.**

No. 02–57059.

D.C. No. CV–02–041710–JFW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 11, 2004.

Milford W. Dahl, Jr., Esq., Rutan & Tucker, Costa Mesa, CA, Steven A. Lamb, Esq., Rovens, Lamb & Gase, LLP, Douglas J. Rovens, Esq., Rovens, Lambs & Gases, Los Angeles, CA, for Plaintiffs–Appellants.

Elliott Silverman, Esq., Eric Landau, Esq., McDermott, Will & Emery, Irvine, CA, for Defendants–Appellees.

Before CANBY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

VHB Associates, Inc., appeals the summary judgment entered in favor of Orix Real Estate Equities, Inc. We affirm, for

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reasons explained more fully by the district court.

The Partnership Agreement was binding. ORIX prepared the document, delivered an execution copy to VHB for signature, and it was signed in counterparts by both parties. *See E.O.C. Ord, Inc. v. Kovakovich,* 200 Cal.App.3d 1194, 1199–1200, 246 Cal.Rptr. 456 (1988); *Benard v. Walkup,* 272 Cal.App.2d 595, 602, 77 Cal.Rptr. 544 (1969). To the extent that a further manifestation of consent was required, ORIX's was evidenced by offering to and undertaking to perform.

The Partnership Agreement had an integration clause and thus it superseded prior understandings or agreements. Accordingly, we need not decide whether a joint venture of any sort was formed by virtue of the February 16, 2000 or the March 20, 2000 Letters of Intent, or the parties' other communications or conduct.

ORIX could rely on the Partnership Agreement as guarantor. *See Cates Constr., Inc. v. Talbot Partners,* 21 Cal.4th 28, 48, 86 Cal.Rptr.2d 855, 980 P.2d 407 (1999).

By virtue of ¶ 2.4(b) of the Agreement, ORIX had discretion to withdraw when it was not satisfied with environmental assessments. ORIX's discretion did not make the contract illusory because the Partnership Agreement was otherwise supported by consideration. *See Carma Developers v. Marathon Development,* 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710 (1992); *Third Story Music v. Waits,* 41 Cal.App.4th 798, 48 Cal.Rptr.2d 747 (1995). Regardless, there is no triable issue that ORIX's decision was objectively unreasonable given the conflicting reports of experts. *See Badie v. Bank of America,*

67 Cal.App.4th 779, 795–96, 79 Cal.Rptr.2d 273 (1998).

Even if a fiduciary duty arose prior to the Partnership Agreement, there is no triable issue that ORIX sought to claim the project for itself or to profit at VHB's expense. *See Crouse v. Brobeck, Phleger & Harrison,* 67 Cal.App.4th 1509, 1551, 80 Cal.Rptr.2d 94 (1998); *Lee v. Interinsurance Exchange,* 50 Cal.App.4th 694, 711, 57 Cal.Rptr.2d 798 (1996).

AFFIRMED.